# United States District Court
## Eastern District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | Case Number: 18-CR-14-JPS<br>Marshal Number: 16467-089 |
| TINA D. JENKINS | |
| | Anderson Gansner     Carol Kraft<br>Defendant's Attorney     Assistant United States Attorney |

**THE DEFENDANT:**

Pled guilty to Count One of the Indictment.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 1709 | Theft of Mail by Postal Service Employee | 11/8/17 | One |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: June 28, 2018

_____
J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: June 28, 2018

# PROBATION

The defendant shall serve a term of probation for Two (2) years as to Count One of the Indictment. During this term, the defendant shall comply with the following special conditions:

1. The defendant shall report in person to her supervising probation officer immediately following the sentencing hearing.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not possess any firearms or other dangerous weapons.

4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance.

5. The defendant is to participate in a program of testing to include not more than six urinalysis screens per month together with residential or outpatient treatment for drug and/or alcohol abuse, as approved by her supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of her supervising probation officer. The defendant is to refrain from the excessive use of alcoholic beverages throughout the probation term.

6. The defendant must reside at a residence approved by her supervising probation officer.

7. The defendant shall use her best efforts to secure lawful full-time employment and support her dependents.

8. The defendant shall notify her supervising probation officer at least ten days prior to any change in the place of her residence or employment. When such notification is not possible, the defendant shall notify her supervising probation officer within 72 hours of the change.

9. The defendant shall notify her supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall follow the reasonable instructions of her supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.

Defendant: Tina D. Jenkins
Case Number: 18-CR-14-JPS

11. The defendant shall permit her supervising probation officer to visit her at reasonable times at home, or such other location as may be mutually agreed upon, and shall permit confiscation of any contraband observed in plain view by her supervising probation officer.

12. The defendant shall not associate with any persons known by her to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.

13. The defendant shall not knowingly leave the judicial district to which she has been released without the permission of the Court or her supervising probation officer.

14. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.

15. The defendant is to pay the restitution that the Court has ordered at a rate of not less than $25.00 per month. Any interest on the restitution is waived. The defendant will also apply 100 percent of any annual federal and/or state tax refund(s) toward the payment of any restitution balance. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to her supervising probation officer.

16. The defendant shall not open any new lines of credit, which includes the leasing of any vehicle or property, or use existing credit resources without the prior approval of her supervising probation officer. After the defendant's Court-ordered financial obligations have been fully satisfied, this condition will no longer remain in effect.

17. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of her supervising probation officer until all financial obligations imposed by the Court have been satisfied in full.

18. The defendant is to provide access to all financial information requested by her supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to her supervising probation officer.

Defendant: Tina D. Jenkins
Case Number: 18-CR-14-JPS

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration during the term of defendant's probation.

Defendant: Tina D. Jenkins
Case Number: 18-CR-14-JPS

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals**: | $100.00 | None | $1,200.00 |

## FINE

Based upon the defendant's limited financial resources, the Court determines that the defendant does not have the financial ability to pay a fine within the guidelines range. The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Interest on the restitution is waived. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|---|---|
| Breast Cancer Research & Support Fund<br>Donor Processing<br>P.O. Box 26607<br>Wauwatosa, Wisconsin 53226 | $960.00 |
| National Police and Trooper Association<br>Donor Processing<br>P.O. Box 26368<br>Wauwatosa, Wisconsin 53226 | $240.00 |

Defendant: Tina D. Jenkins
Case Number: 18-CR-14-JPS

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.